IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| MARIO BRAVO | § | |
| | § | |
| VS. | § | CIVIL ACTION |
| | § | |
| | § | NO. _____ |
| | § | |
| DOLGENCORP OF TEXAS, INC. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Dolgencorp of Texas, Inc. ("Dolgencorp"), the Defendant herein, respectfully submits the following notice of removal.

### I.

1.      Dolgencorp is the Defendant in litigation now pending in the 139th District Court of Hidalgo County, Texas, Cause No. C-2970-22-C, styled "*Mario Bravo v. Dolgencorp of Texas, Inc.*"  The suit filed against Dolgencorp is a civil action seeking damages for alleged personal injury arising from an alleged slip-and-fall that allegedly occurred on the exterior premises of the Dollar General store in Pharr, Hidalgo County, Texas, on or about March 24, 2021.

### II.

2.      Both at the time of the filing of Plaintiff's Original Petition and at the time of the filing of this Notice of Removal, Plaintiff was, is, and continuously has been an individual citizen of the State of Texas with her place of residence in the state of Texas.

3.      Both at the time of filing Plaintiff's Original Petition and at the time of the filing of this Notice of Removal, Defendant Dolgencorp was, is, and continuously has been a corporation organized and existing under the laws of the State of Kentucky and having its principal place of

**NOTICE OF REMOVAL – Page 1**

business in the State of Tennessee.   Thus, Defendant is a corporate citizen of the states of Tennessee and Kentucky.

4.      There is, therefore, complete diversity of citizenship between Plaintiff and Defendant.

### III.

5,      The amount in controversy in this matter, exclusive of interest and costs, exceeds the sum or value of $75,000, as evidenced by the allegation on page 1 of Plaintiff's Original Petition, where Plaintiff expressly alleges that he is "seeking monetary relief from Defendant in an amount that is more than $250,000.00, but not more than $1,000,000.00."

6.      Plaintiff has not affirmatively alleged that he seeks recovery of less than $75,000.   To the contrary, Plaintiff repeats on page 3 of his Original Petition that he is "seeking monetary relief from Defendant in an amount that is more than $250,000.00, but not more than $1,000,000.00, as compensation for his damages."

7.      Plaintiff also alleges on page 3 of his Original Petition that he "suffered injuries, suffered physical pain and mental anguish in the past, will suffer physical pain and mental anguish in the future, suffered physical disfigurement in the past, will suffer physical disfigurement in the future, lost wages in the past, will suffer a loss of earning capacity in the future, incurred medical expenses in the past, and will incur medical expenses in the future," as a result of the alleged slip-and-fall incident.  *Plaintiff's Original Petition*, p. 3, ¶ 9.   *Id.*

8.      As further evidence that the amount in controversy exceeds the sum of $75,000, Defendant would show that prior to this suit being filed, Plaintiff's counsel presented Defendant with a settlement demand in excess of $75,000.   *See, e.g., Stramel v. G.E. Capital Small Bus. Fin. Corp.*, 955 F.Supp. 65, 68 (E.D. Tex. 1997) (settlement demand letter was properly considered in determining whether case was removable); *Carnahan v. Southern Pacific R.R. Transp. Co.*, 914

**NOTICE OF REMOVAL** – **Page  2**

F.Supp. 1430, 1431-1432 (E.D. Tex. 1995) ("This Court finds that the defendant has proven by a preponderance of the evidence that, as of the date of removal, the amount in controversy likely exceeded $50,000. *   *   * As economics help us understand, the rational amount for which one is willing to settle is generally less than the maximum jury award that is reasonably plausible at the conclusion of a successful trial.   From an economic viewpoint, then, clearly there is greater than $50,000 in controversy."); *Golden v. Dodge-Markham Co., Inc.*, 1 F.Supp.2d 1360, 1364 (M.D. Fl. 1998) (courts examine pre-removal settlement demands on an individual basis to determine if they provide a candid assessment of the amount likely to be recovered at trial); *Jackson v. American Bankers Ins. Co. of Florida*, 976 F.Supp. 1450-1454 (S.D. Al. 1997) (stating in denial of Plaintiff's Motion to Remand, "If plaintiffs are willing to settle the case for the sum of $70,000, then it follows *a fortiori* that plaintiffs would expect to receive considerably more than $70,000 at trial.").

9.      In the instant case, Plaintiff has filed a personal injury suit seeking damages for an injury sustained by the Plaintiff on Defendant's premises on March 24, 2021. He has expressly alleged that he is seeking damages in excess of $250,000.00, and he presented a pre-suit demand in excess of $75,000, alleging damages to his left wrist, left arm, left shoulder and left hip.

10.      Consequently, Defendant submits that it is apparent from the face of Plaintiff's Original Petition that the amount in controversy in this case is in excess of $75,000.   In addition, or alternatively, Defendant submits that the preponderance of the evidence supports a finding that the requisite amount in controversy exists to support diversity removal jurisdiction in this case.

## IV.

11.      This Court has jurisdiction and this action is properly removable based upon diversity of citizenship under 28 U.S.C. §1332, et seq.   Pursuant to 28 U.S.C. § 1664, Defendant Dolgencorp

**NOTICE OF REMOVAL – Page 3**

has removed this action to this Court within the time specified by law.

**V.**

12.     Pursuant to Local Rule CV-81(c), attached hereto are (1) an index of all attached documents, (2) a list of all parties in the case, their party type and current status of the removed case (pending), (3) a copy of the Docket Sheet in the State Court action, (4) all pleadings (excluding discovery material) filed in the State Court action, Cause No. C-2970-22-C, 139th District Court of Hidalgo County, Texas, (5) a complete list of all attorneys involved in the action, (6) a record of which parties have requested trial by jury, and (7) the name and address of the court from which the case has been removed.

**<u>PRAYER FOR RELIEF</u>**

Wherefore, premises considered, Defendant prays that the action now pending in the 139th District Court of Hidalgo County, Texas be removed to this, the United States District Court for the Southern District of Texas, McAllen Division.

Respectfully submitted,

BY: _____

Michael A. Hummert
Lead Attorney
State Bar No. 10272000
mhummert@ekvallbyrne.com
EKVALL & BYRNE, LLP
4450 Sigma Road, Suite 100
Dallas, Texas 75244
TELEPHONE (972) 239-0839
FACSIMILE (972) 960-9517

ATTORNEYS FOR DEFENDANT

**<u>NOTICE OF REMOVAL</u> – Page 4**

## CERTIFICATE OF SERVICE

On September ___6 th___, 2022, I electronically submitted the foregoing document with the clerk of court of the U. S. District Court, Southern District of Texas, using the electronic case files system of the court.   I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

MICHAEL A. HUMMERT

**NOTICE OF REMOVAL – Page 5**

# ALL PROCESS, PLEADINGS and ORDERS PREVIOUSLY SERVED UPON DEFENDANT AND DEFENDANT'S ANSWER IN CAUSE NO. C-2970-22-C
## *Mario Bravo*
### *vs.*
## *Dolgencorp of Texas, Inc.*

# IN THE 139TH JUDICIAL DISTRICT COURT OF HIDALGO COUNTY, TEXAS



A.   Copy of Civil Docket Sheet from Hidalgo County District Clerk for Cause No. C-2970-22-C

B.   Plaintiff's Original Petition filed August 3, 2022

C.   Return of Service of Citation upon Dolgencorp of Texas, Inc.

D.   Defendant's Original Answer filed August 25, 2022

E.   Defendant's Jury Demand filed August 25, 2022

# EXHIBIT A

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back                    Location : All Courts    Images

# REGISTER OF ACTIONS
## CASE NO. C-2970-22-C

| Mario Bravo VS. Dolgencorp of Texas, Inc. | § § § § § | Case Type: | **Injury or Damage - Other (OCA)** |
|---|---|---|---|
| | | Date Filed: | **08/03/2022** |
| | | Location: | **139th District Court** |

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | Dolgencorp of Texas, Inc. | **MICHAEL A. HUMMERT** |
| | | *Retained* |
| | | 214-987-8181(W) |
| | | |
| | | **IGNACIO BARBERO** |
| | | *Retained* |
| | | 972-239-0839(W) |
| | | |
| Plaintiff | Bravo, Mario | **MICHAEL J. CISNEROS** |
| | | *Retained* |
| | | 956-682-1883(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 08/03/2022 | Original Petition (OCA) | |
| 08/03/2022 | Citation | |
| | Dolgencorp of Texas, Inc. | Unserved |
| 08/03/2022 | Citation Issued | |
| 08/25/2022 | Jury Demand | |
| 08/25/2022 | Defendant's Original Answer | |

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** Dolgencorp of Texas, Inc. | | | |
| | Total Financial Assessment | | | 10.00 |
| | Total Payments and Credits | | | 10.00 |
| | **Balance Due as of 09/05/2022** | | | **0.00** |
| 08/26/2022 | Transaction Assessment | | | 10.00 |
| 08/26/2022 | EFile Payments from TexFile | Receipt # DC-2022-014189 | Dolgencorp of Texas, Inc. | (10.00) |
| | | | | |
| | **Plaintiff** Bravo, Mario | | | |
| | Total Financial Assessment | | | 368.00 |
| | Total Payments and Credits | | | 368.00 |
| | **Balance Due as of 09/05/2022** | | | **0.00** |
| 08/03/2022 | Transaction Assessment | | | 368.00 |
| 08/03/2022 | EFile Payments from TexFile | Receipt # DC-2022-012811 | Bravo, Mario | (231.00) |
| 08/03/2022 | State Credit | | | (137.00) |

# EXHIBIT B

Electronically Filed
8/3/2022 10:17 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO.: C-2970-22-C

| | | |
|---|---|---|
| MARIO BRAVO | § | IN THE _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| VS. | § | COURT OF |
| | § | |
| | § | |
| DOLGENCORP OF TEXAS, INC. | § | HIDALGO COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MARIO BRAVO, hereinafter referred to as Plaintiff, and files this, his Original Petition against DOLGENCORP OF TEXAS, INC., hereinafter referred to as Defendant, and for cause of action will show the Court the following:

### DISCOVERY CONTROL PLAN - BY RULE (LEVEL 3)

1. Plaintiff intends to conduct discovery under Level 3 as provided by Rule 190 of the Texas Rules of Civil Procedure.

### CLAIM FOR RELIEF

2. Plaintiff is seeking monetary relief from Defendant in an amount that is more than $250,000.00, but not more than $1,000,000.00.

### PARTIES

3. Plaintiff Mario Bravo is an individual who resides in Pharr, Hidalgo County, Texas.

4. Defendant Dolgencorp of Texas Inc. is a duly licensed corporation in Texas that may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

Electronically Filed
8/3/2022 10:17 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2970-22-C**

## VENUE AND JURISDICTION

5.    The incident described hereinbelow or events giving rise to Plaintiff's claim against Defendant arose in Pharr, Hidalgo County, Texas. Venue for this cause of action therefore lies in Hidalgo County, Texas.

6.    The damages that Plaintiff is seeking from Defendant are within the jurisdictional limits of the Court. This Court therefore has jurisdiction of this cause of action.

## FACTS

7.    On March 24, 2021, at 10:37 a.m., Plaintiff was at Defendant's Dollar General store located at 2801 N. Sugar Road in Pharr, Hidalgo County, Texas for business purposes. Plaintiff was walking down a ramp that was located outside of the store near the doorway. Plaintiff slipped on the ramp, fell, and suffered injuries and damages. The ramp was painted with glossy and slick blue paint and damp with moisture. The surface of the ramp did not have anti-slip paint and/or anti-slip coating, anti-slip tape, non-skid tiles, or an Ultra ADA pad. The ramp, as described herein, was a slip hazard and dangerous condition on Defendant's store premises that caused Plaintiff to slip, fall, and suffer injuries and damages. Defendant created the ramp in its dangerous condition on its store premises. Knowledge of the dangerous condition of the ramp is therefore imputed on Defendant under Texas Premises Liability Law.

## CAUSE OF ACTION BASED ON PREMISES LIABILITY LAW AND PROXIMATE CAUSE

8.    At the time that is material to the incident described hereinabove and this case, Defendant was negligent under premises liability law in that: A. Plaintiff was a business invitee, B. Defendant owned, possessed, and/or controlled the premises where the incident described hereinabove occurred, C. A condition on the premises, the slippery

2

Electronically Filed
8/3/2022 10:17 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2970-22-C**

ramp, as described in the preceding paragraph, posed an unreasonable risk of harm, D. Defendant knew or reasonably should have known of the danger posed by the condition, and E. Defendant breached its duty of ordinary care by failing to adequately warn Plaintiff of the condition and failing to make the condition reasonably safe. This negligence by Defendant was the sole proximate cause or a proximate cause of the incident described hereinabove and of the injuries and damages suffered by Plaintiff, as set out hereinbelow.

<u>DAMAGES</u>

9. As a proximate cause of the negligence of Defendant in causing the incident described hereinabove, Plaintiff suffered injuries, suffered physical pain and mental anguish in the past, will suffer physical pain and mental anguish in the future, suffered physical impairment in the past, will suffer physical impairment in the future, suffered physical disfigurement in the past, will suffer physical disfigurement in the future, lost wages in the past, will suffer a loss of earning capacity in the future, incurred medical expenses in the past, and will incur medical expenses in the future. Plaintiff is seeking monetary relief from Defendant in an amount that is not more than $250,000.00, but not more than $1,000,000.00, as compensation for his damages.

<u>PREJUDGMENT AND POSTJUDGMENT INTEREST</u>

10. Plaintiff further sues Defendant herein for prejudgment interest at the maximum rate allowed by law on those damages where such interest may be assessed and for postjudgment interest at the maximum rate allowed by law on all of Plaintiff's damages from the date of judgment until the judgment is paid in full.

<u>REQUEST FOR JURY AND JURY FEE</u>

11. Plaintiff requests that the above-styled and numbered cause be tried to a jury and represents to the Court that the proper jury fee has been paid to the Clerk of this

Electronically Filed
8/3/2022 10:17 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2970-22-C**

Court with the filing of Plaintiff's Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing, he have judgment against Defendant for all of his damages hereinabove alleged, for prejudgment and postjudgment interest, and for any and all other relief, both general and special, in law and in equity, and for all costs of Court in his behalf expended.

Respectfully Submitted,

THE CISNEROS LAW FIRM, L.L.P.
312 Lindberg
McAllen, Texas 78501
Telephone No. (956) 682-1883
Fax No. (956) 682-0132
Email: email@cisneroslawfirm.com

MICHAEL J. CISNEROS
State Bar No. 00793509
ARTURO CISNEROS
State Bar No. 00789224
Attorneys for Plaintiff

4

# EXHIBIT C



**NOTICE: Pursuant to TRCP 126: Statement of Inability to Afford Payment of Court Costs or an Appeal Bond filed = NO**

C-2970-22-C
**139TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

   **NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

**Dolgencorp of Texas, Inc.**
**Registered Agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company**
**211 East 7th Street Suite 620**
**Austin TX 78701-3218.**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Bobby Flores, 139th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 3rd day of August, 2022 and a copy of same accompanies this citation. The file number and style of said suit being C-2970-22-C, **MARIO BRAVO VS. DOLGENCORP OF TEXAS, INC.**

Said Petition was filed in said court by Attorney MICHAEL J. CISNEROS, 312 LINBERG MCALLEN TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 3rd day of August, 2022.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

**PRISCILLA RIVAS, DEPUTY CLERK**

**C-2970-22-C**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in ~~Travis~~ County, Texas by delivering to each of the within named Defendant ~~in person~~, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| Dilgency of TX, Inc | 8-4-22 | | |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
             miles ....................$_____

_____
DEPUTY

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,
CONSTABLE OR CLERK OF THE COURT**
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas
Date of Expiration / PSC Number**



Joe Moreno
2134 Van Tassel Cir.
Edinburg, TX 78539



7021 1970 0002 1660 8990



U.S. POSTAGE PAID
FCM LETTER
EDINBURG, TX
78539
AUG 04, 22
AMOUNT
$8.09
R2304H108716-04

78701

DOLGENCORP OF TEXAS, INC.
c/o Corp. Svc. Co.
211 E. 7th St./Ste 620
Austin, TX  78701

78701$3218 C015

# EXHIBIT D

Electronically Filed
8/25/2022 4:49 PM
Hidalgo County District Clerks
Reviewed By: Maria Monsivaiz

CAUSE NO. C-2970-22-C

| | | |
|---|---|---|
| MARIO BRAVO | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| DOLGENCORP OF TEXAS, INC. | § | |
| | § | |
| Defendant | § | 139TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO SAID HONORABLE COURT:

Dolgencorp of Texas, Inc. ("Dolgencorp"), the Defendant herein, files this, its Original

Answer to Plaintiff's Original Petition, respectfully showing unto the Court as follows:

### GENERAL DENIAL

**I.**

Subject to such stipulations and admissions as may be hereafter made, Defendant hereby

enters a general denial, as is permitted by Rule 92 of the Texas Rules of Civil Procedure.

### AFFIRMATIVE DEFENSES

**II.**

Pleading further, Defendant would show that Plaintiff was guilty of certain acts or

omissions of negligence, each of which, separately or concurrently, was the sole proximate cause

or, alternatively, a proximate cause of the occurrence made the basis of this suit, including but not

limited to failing to keep a proper lookout for his own safety.

**III.**

Pleading further, and in the alternative, Defendant would show that the occurrence made

the basis of this suit was the result of an unavoidable accident; that is, one not proximately caused

by the negligence of any party to it.

**DEFENDANT'S ORIGINAL ANSWER – Page 1**

Electronically Filed
8/25/2022 4:49 PM
Hidalgo County District Clerks
Reviewed By: Maria Monsivaiz

**IV.**

Pleading further in the alternative, Defendant would show that the act or omission of a separate and independent agency, not reasonably foreseeable, destroyed the causal connection, if any, between the acts or omissions of Defendant and the occurrence in question, and thereby became the immediate cause of such occurrence and the Plaintiff's claimed injuries and damages.

**V.**

Pleading further, Defendant would show that, pursuant to Texas Civil Practice and Remedies Code § 41.0105, any claim for medical or healthcare expenses allegedly incurred by Plaintiff is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

**VI.**

Pleading further, Defendant would show that, pursuant to Texas Civil Practice and Remedies Code § 18.091, evidence of alleged loss of earnings, lost wages, lost earning capacity and/or loss of contributions of a pecuniary value, if any, and to the extent such recovery is sought, must be presented by Plaintiff in the form of net loss after reduction for income tax payments or unpaid tax liability to any federal income tax law.

**<u>PRAYER</u>**

For the above reasons, Defendant prays that upon final hearing judgment be rendered that Plaintiff recover nothing of and from Defendant, and that Defendant recover its costs in this behalf expended; further, that Defendant be granted all such other and further relief to which it may be justly entitled.

Electronically Filed
8/25/2022 4:49 PM
Hidalgo County District Clerks
Reviewed By: Maria Monsivaiz

Respectfully submitted,

EKVALL & BYRNE, LLP.

Michael A. Hummert
State Bar No. 10272000
mhummert@ekvallbyrne.com
Ignacio Barbero
State Bar No. 00796162
ibarbero@ekvallbyrne.com
4450 Sigma Road, Suite 100
Dallas, Texas 75244
TELEPHONE (972) 239-0839
FACSIMILE (972) 960-9517

ATTORNEYS FOR DEFENDANT
DOLGENCORP OF TEXAS, INC.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was e-served on counsel of record herein in accordance with the Rules of Civil Procedure on the 26th day of August, 2022.

MICHAEL A. HUMMERT

**DEFENDANT'S ORIGINAL ANSWER – Page 3**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donna Wojcik on behalf of Michael A. Hummert
Bar No. 10272000
dwojcik@ekvallbyrne.com
Envelope ID: 67677618
Status as of 8/26/2022 9:12 AM CST
Associated Case Party: Mario Bravo

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| MICHAEL CISNEROS | | EMAIL@CISNEROSLAWFIRM.COM | 8/25/2022 4:49:19 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donna Wojcik on behalf of Michael A. Hummert
Bar No. 10272000
dwojcik@ekvallbyrne.com
Envelope ID: 67677618
Status as of 8/26/2022 9:12 AM CST

Associated Case Party: Dolgencorp of Texas, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael A.Hummert | | mhummert@ekvallbyrne.com | 8/25/2022 4:49:19 PM | SENT |
| Ignacio Barbert | | ibarbero@ekvallbyrne.com | 8/25/2022 4:49:19 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donna Wojcik on behalf of Michael A. Hummert
Bar No. 10272000
dwojcik@ekvallbyrne.com
Envelope ID: 67677618
Status as of 8/26/2022 9:12 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Deanna Ortega | | dortega@ekvallbyrne.com | 8/25/2022 4:49:19 PM | SENT |
| Sandi Williams | | swilliams@ekvallbyrne.com | 8/25/2022 4:49:19 PM | SENT |
| Donna Wojcik | | dwojcik@ekvallbyrne.com | 8/25/2022 4:49:19 PM | SENT |

# EXHIBIT E

Electronically Filed
8/25/2022 4:49 PM
Hidalgo County District Clerks
Reviewed By: Maria Monsivaiz

CAUSE NO. C-2970-22-C

| | | |
|---|---|---|
| MARIO BRAVO | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| DOLGENCORP OF TEXAS, INC. | § | |
| | § | |
| Defendant | § | 139TH JUDICIAL DISTRICT |

## DEFENDANT'S JURY DEMAND

TO THE HONORABLE COURT:

Defendant Dolgencorp of Texas, Inc. demands a trial by jury.

Respectfully submitted,

EKVALL & BYRNE, L.L.P.

_____
Michael A. Hummert
State Bar No: 10272000
mhummert@ekvallbyrne.com
Ignacio Barbero
State Bar No: 00796162
ibarbero@ekvallbyrne.com
4450 Sigma Road, Suite 100
Dallas, Texas 75244
Telephone: 972/239-0839
Facsimile: 972/960-9517

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was e-served on counsel of record herein on the 25th day of August, 2022.

_____
MICHAEL A. HUMMERT

**DEFENDANT'S JURY DEMAND** – Page 1

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donna Wojcik on behalf of Michael A. Hummert
Bar No. 10272000
dwojcik@ekvallbyrne.com
Envelope ID: 67677618
Status as of 8/26/2022 9:05 AM CST

Associated Case Party: Dolgencorp of Texas, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael A.Hummert | | mhummert@ekvallbyrne.com | 8/25/2022 4:49:19 PM | SENT |
| Ignacio Barbert | | ibarbero@ekvallbyrne.com | 8/25/2022 4:49:19 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donna Wojcik on behalf of Michael A. Hummert
Bar No. 10272000
dwojcik@ekvallbyrne.com
Envelope ID: 67677618
Status as of 8/26/2022 9:05 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Deanna Ortega | | dortega@ekvallbyrne.com | 8/25/2022 4:49:19 PM | SENT |
| Sandi Williams | | swilliams@ekvallbyrne.com | 8/25/2022 4:49:19 PM | SENT |
| Donna Wojcik | | dwojcik@ekvallbyrne.com | 8/25/2022 4:49:19 PM | SENT |

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donna Wojcik on behalf of Michael A. Hummert
Bar No. 10272000
dwojcik@ekvallbyrne.com
Envelope ID: 67677618
Status as of 8/26/2022 9:05 AM CST

Associated Case Party: Mario Bravo

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| MICHAEL CISNEROS | | EMAIL@CISNEROSLAWFIRM.COM | 8/25/2022 4:49:19 PM | SENT |

℀JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARIO BRAVO

**DEFENDANTS**
DOLGENCORP OF TEXAS, INC.

**(b)** County of Residence of First Listed Plaintiff  Hale
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael J. Cisneros, The Cisneros Law Firm, L.L.P.
312 Lindberg, McAllen, Texas 78501
Phone:  956-682-1883

Attorneys (If Known)
Michael A. Hummert, Ekvall & Byrne, L.L.P.
4450 Sigma Road, Suite 100, Dallas, Texas 75244
Phone:  972-239-0839

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane — ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability — ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander — ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | — | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability — **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine — ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability — ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle — ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability — ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting — ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment — **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations — ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare — ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment — ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other — ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights — ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC § 1332
Brief description of cause:
Personal injury suit arising from alleged slip-and-fall on Defendant's premises on March 24, 2021

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  9-6-22

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____